UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA | * * * | |
| | * | Civil Action No. |
| Plaintiff | * | |
| | * | |
| v. | * | Section |
| | * | |
| AGGREKO, LLC | * | |
| | * | Magistrate |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

# COMPLAINT

1. The Plaintiff is General Accident Insurance Company of America, now known as OneBeacon Insurance Company, a Pennsylvania corporation with its principal place of business in Massachusetts. The Plaintiff is referred to herein as "General Accident."

2. At all times material hereto, General Accident was an insurer eligible to issue insurance coverage under Louisiana law.

3. Upon information and belief, the Defendant is Aggreko, LLC, a Delaware limited liability company with its principal place of business in New Iberia, Louisiana. Upon information and belief, Aggreko, LLC, is a successor to Aggreko, Inc., a Louisiana corporation with its principal place of business in New Iberia, Louisiana. The Defendant is referred to herein as "Aggreko."

4.  This matter concerns the failure of Aggreko to pay a substantial sum that it is obligated to remit to General Accident.

5.  This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue in this district is appropriate as set forth in 28 U.S.C. §1391(a)(1). The sole Defendant resides in the Western District of Louisiana, in that the Defendant is a corporation with contacts that would subject it to personal jurisdiction in the Western District of Louisianan if that district were a separate state.

7.  General Accident insured Aggreko under a commercial general liability policy, policy no. 0009918-14, for the period October 1, 1999, to October 1, 2000. A copy of the policy declarations page is attached as Exhibit A.

8.  Coverage under the policy for commercial general liability is expressly subject to a Deductible Liability Insurance endorsement. A copy of Deductible Liability Insurance endorsement is attached as Exhibit B.

9.  The Deductible Liability Insurance endorsement recites that coverage for each occurrence was subject to a $41,250.00 deductible. The endorsement provides, in pertinent part, as follows:

> A. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.
>
> ***
>
> D. We may pay any part or all of the deductible amount to effect settlement or any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

10. The existence of this deductible was reflected in the premium, which was substantially less than it would have been for first-dollar coverage.

11. General Accident paid $159,131.87 on behalf of Aggreko, which sum represents the deductible amount of settled claims and/or suits. An itemization of payments is attached as Exhibit C.

12. Despite notice of the actions taken by General Accident and amicable demand, Aggreko has failed to remit any portion of the deductible amount paid on its behalf.

13. The failure of Aggreko to pay the deductible amounts is a breach of the insurance contract.

14. As a result of Aggreko's breach of the insurance contract, General Accident has suffered damages, including but not limited to the deductible amount and interest thereon.

15. General Accident is entitled to recover the deductible amount, in addition to interest and costs, as a result of Aggreko's breach of the contract.

16. Alternatively, General Accident pleads it is entitled to recover based on the fact that Aggreko has been unjustly enriched.

17. Aggreko was enriched by the amount it was obligated to pay to General Accident. It is against equity and good conscience to permit Aggreko to retain the amounts due to General Accident.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully prays for judgment holding the Defendant liable for the damages sought herein to be proven at trial, together with interest and costs. The Plaintiff further pray for all just relief, general, legal and equitable, to which it may be entitled.

(Signature page to follow)

          **PUGH, ACCARDO, HAAS,
RADECKER CAREY, & HYMEL, L.L.C.**

BY: /s/ William W. Sentell, III
    CHRISTOPHER M. LANDRY (#19666)
    WILLIAM W. SENTELL, III (#31962)
    1100 Poydras Street, Suite 3200
    New Orleans, Louisiana  70163-1132
    wsentell@pugh-law.com
    Telephone (504) 799-4524
    Fax (504) 799-4520
    *Attorneys for General Accident Insurance Company of America*

## NOTICE OF REQUEST FOR WAIVER OF SERVICE

On the 19th day of September, 2011, counsel for General Accident Insurance Company of America sent a request for waiver of service by First Class United States mail to Aggreko, LLC, in accordance with F.R.C.P. Rule 4(d). The request for waiver was addressed to Aggreko, LLC, through its registered agent for service of process in Louisiana, CT Corporation, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana, 70808.