UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| General Accident Insurance Co. of America | Civil Action No. 11-cv-1682 |
| versus | Judge Tucker L. Melançon |
| Aggreko, LLC | Magistrate Judge C. Michael Hill |

**RULING**

Before the Court is plaintiff General Accident Insurance Company of America's (General Accident) Motion for Summary Judgment, *R. 20*, defendant Aggreko, LLC's (Aggreko) Motion for Partial Summary Judgment, *R. 21*, General Accident's Supplemental Memorandum Regarding its Claims for Unjust Enrichment, *R. 47*, and Aggreko's Motion for Leave to File Supplemental Memorandum on Aggreko's Motion for Summary Judgment, *R. 48*.[1] For the reasons that follow, General Accident's Motion for Summary Judgment, *R. 20*, will be denied and Aggreko's Motion for Partial Summary Judgment, *R. 21*, will be granted on General Accident's unjust enrichment claims, and those claims will be dismissed with prejudice.

The parties' motions for summary judgment as to General Accident's unjust enrichment claims are before the Court for a second time.[2] As set out in the Court's initial Ruling, the Court was not in a position to dispose of all of General Accident's claims on December 17, 2012 due to Aggreko's failure to raise any ground other than prescription in support of its motion for

---

[1] The parties' supplemental memoranda were submitted pursuant to the Court's December 17, 2012 Order, *R. 44*.

[2] For a detailed history of the history of this proceeding and the Court's initial ruling on the motions, see *R. 43*.

1

summary judgment on the unjust enrichment claims. *See R. 43, p. 20-21.*[3]  Despite what appeared to be clearly settled law requiring dismissal of the unjust enrichment claims, the Court deferred ruling on those claims, *R. 43*, and gave the parties ten days from the date of the Ruling to submit supplemental briefs on the following issue:

> Has General Accident failed to state a cause of action, requiring the grant of summary judgment against it, for its unjust enrichment claims, because it had an alternative remedy at law, breach of contract, available to it given the undisputed facts of the case presently before the Court.

*R. 43, p. 22.*  General Accident and Aggreko each submitted supplemental memoranda pursuant to the Court's instructions.  *R. 43; R. 44.*

Having considered the parties' supplemental memoranda and the arguments contained therein, the Court will deny General Accident's Motion for Summary Judgment, *R. 20*, and will grant Aggreko's Motion for Partial Summary Judgment, *R. 21*, on General Accident's unjust enrichment claims for the reasons set out in the Court's December 17, 2012 Ruling, *R. 43, p. 21-22,* and the reasons set out herein, i.e., the existence of the breach of contract remedy precludes General Accident from bringing its unjust enrichment claims.  Louisiana law dictates that the remedy of unjust enrichment[4] "shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." La. Civ. Code Ann. art. 2298.  "Pursuant to La. Civ.

---

[3] Under Fifth Circuit precedent and Federal Rule of Civil Procedure 56(f), a district court cannot grant summary judgment *sua sponte* on grounds not requested by the moving party without first giving notice and a reasonable time to respond.  *See, e.g., Wernecke v. Garcia*, 452 F. App'x 479, 482 (5th Cir. 2011) (citing *Baker v. Metro. Life Ins. Co.*, 364 F.3d 624, 632 (5th Cir. 2004), and Fed. R. Civ. P. 56(f)(2)).

[4] The statutory source for the unjust enrichment cause of action is found in Article 2298 of the Louisiana Civil Code, which states that a "person who has been enriched without cause at the expense of another person is bound to compensate that person." La. Civ. Code Ann. art. 2298.  "Under Louisiana law, the requisite elements of a claim for unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other available remedy at law [for the impoverishee]." *Pinegrove Elec. Supply Co., Inc. v. Cat Key Constr., Inc.*, 11-660, p. 5 (La. App. 5 Cir. 2/28/12); 88 So. 3d 1097, 1100 (citing cases).

Code art. 2298, the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. . . . The unjust enrichment remedy is only applicable to fill a gap in the law where no express remedy is provided." *Walters v. MedSouth Record Mgmt., LLC*, 10-0353, p. 2 (La. 6/4/10); 38 So. 3d 243, 244 (internal quotation marks and citations omitted). "The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Pinegrove*, 11-660 at 6, 88 So. 3d at 1101. "[I]t is not the success or failure of other causes of action, but rather the *existence* of other causes of action" that determines whether a plaintiff can satisfy the fifth element of the unjust enrichment claim. *Garber v. Badon & Ranier*, 07-1497, p. 10-11 (La. App. 3 Cir. 4/2/08); 981 So. 2d 92, 100, *writ denied*, 08-1154 (La. 9/19/08); 992 So. 2d 943. "The existence of a 'remedy' which precludes application of unjust enrichment does not connote the ability to recoup [the] impoverishment by bringing an action against a solvent person. It merely connotes the ability to bring the action or seek the remedy." *Carriere v. Bank of La.*, 95-3058 (La. 12/13/96); 702 So. 2d 648, 672 (on rehearing).[5]

The breach of contract claims alleged by General Accident in its Complaint, *R. 1*, constitute adequate remedies at law that preclude General Accident's successful establishment of its unjust enrichment claims. As Louisiana law makes clear, it is the mere existence of the breach of contract claims that render the unjust enrichment claims unavailable.[6] The fact that the Court previously granted summary judgment against General Accident on the breach of contract

---

[5] *See also Sheets v. Yamaha Motors Corp., U.S.A.*, 849 F.2d 179, 184 (5th Cir. 1988) ("Louisiana law makes clear that when an adequate remedy at law is available, the court may not resort to principles of equity.").

[6] *See, e.g., Audio Plus, Inc. v. Lombardino*, 47,488, p. 8 (La. App. 2 Cir. 9/20/12); 2012 WL 4127260, at *5 ("Audio Plus had a remedy in an action in contract; thus, the subsidiary remedy [of unjust enrichment] is not available.") (citing *Walters*, 10-0353, 38 So. 3d 243).

claims and dismissed those claims with prejudice does not alter this result.[7]

As a threshold matter, the Court notes that although General Accident correctly points out that the district court for the Middle District of Louisiana interpreted *Walters* as only barring unjust enrichment claims "being plead alongside *tort* claims," see *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011), several other federal district court decisions from Louisiana have interpreted *Walters* more broadly to bar unjust enrichment claims accompanying alternative claims based in either contract law or tort law. *See, e.g., Wiggins v. Chesapeake Energy Corp.*, 2012 WL 3597131, slip op. at 2 (W.D. La. Aug. 20, 2012) (holding that because a breach of contract claim was both available and pled by the plaintiffs, the plaintiffs could not state a claim for unjust enrichment); *Central Facilities*, 2012 WL 1121217, at 3 ("Actually pleading another cause of action, delictual or contractual, precludes a plaintiff from seeking to recover based on unjust enrichment."); *Spectrum Commc'n Specialists, LLC v. KMJ Servs., Inc.*, 2012 WL 138942, slip op. at 5 (E.D. La. Jan. 18, 2012) ("Here, KMJ had—and asserted—a counter-claim for breach of the Agreement. Accordingly, because KMJ possessed a claim for breach of contract under Louisiana law, its claim for unjust enrichment is precluded because it had an adequate remedy at law. . . . Under Louisiana law, the mere existence of a contract and the corresponding remedy for the breach thereof precludes a claim for unjust enrichment."); *Westbrook v. Pike Elec., L.L.C.*, 799 F. Supp. 2d 665, 672 (E.D. La. 2011) ("Furthermore, whether plaintiff succeeds or not with respect to his other claims is immaterial.

---

[7] *See, e.g., Central Facilities Operating Co., L.L.C. v. Cinemark U.S.A., Inc.*, 2012 WL 1121217, slip op. at 3 (M.D. La. Feb. 29, 2012) ("The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment.") (citing *Walters*, 10-0353, 38 So. 3d 243).

The mere fact that there are alternative remedies available precludes a claim for unjust enrichment. . . . Thus, considering plaintiff has alleged causes of action based on breach of contract, . . . a claim for unjust enrichment cannot lie and must be dismissed.") (citing *Walters*, 10-0353, 38 So. 3d 243).

The remaining arguments advanced by General Accident in its Supplemental Memorandum are not persuasive. General Accident contends that the well-settled law set out hereinabove is "subject to an exception where the contract at issue fails because it is unenforceable or null." R. 47, p. 2. The Court's December 17, 2012 Ruling did not hold that the insurance contract between the parties was "unenforceable or null." Rather, the Court *held only* that based on the undisputed facts, Aggreko's conditional obligation to reimburse General Accident for the deductibles paid to third parties was unenforceable. R. 43, p. 16. "Nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision." La. Civ. Code Ann. art. 2034. General Accident has not alleged–nor will the Court presume–that the entire insurance policy at issue here would not have been entered into by the parties without a deductible reimbursement provision being added to the contract by an endorsement to the policy that would have allowed General Accident to wait almost nine years to provide notice to Aggreko that it had paid claims on its behalf as early as July 20, 2000 and as late as January 17, 2002.

The cases cited by General Accident in support of its arguments are inapposite here, as in each cited case, the court found that the contract at issue was, *in its entirety*, unenforceable,

invalid, or void. As recognized by Louisiana case law, the fifth element of the unjust enrichment cause of action regarding alternative contract remedies at law "generally reduces to whether there exists a contract under which the plaintiff may recover." *See Fogleman v. Cajun Bag & Supply Co.*, 93-1177 (La. App. 3 Cir. 6/15/94); 638 So. 2d 706, 709, *writ denied*, 94-1900 (La. 10/28/94); 644 So. 2d 375. In *Baker v. Maclay Properties Co.*, the Louisiana Supreme Court found that the agreement under which the plaintiff sought to collect fees from the defendant under a fee-splitting arrangement was an "absolute nullity and unenforceable" because the "statute and regulation under which [the parties] contracted was an unconstitutional violation of the Privileges and Immunities Clause" of the United States Constitution. 94-1529 (La. 1/17/95); 648 So. 2d 888, 896. The court first stated that a "contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral." *Id.* at 895. The court then determined that the Constitution, as "the supreme law of the land," is "more than a 'rule of public order' or an expression of public policy," and thus a violation of that document clearly rendered a contract absolutely null. *Id* at 896. Because the contract was an absolute nullity, it was "deemed never to have existed," and the court found the plaintiff therefore had "no contractual rights to assert." *Id.* at 896-97. "In the absence of a contract," the court permitted the plaintiff's cause of action for unjust enrichment. *Id.* at 896.

In *Howell v. Rhoades*, the court held that the "contract was void for lack of consent" because there was no "meeting of the minds" between the plaintiff and the defendant, and as the parties did not consent to the same agreement, no enforceable contract was ever formed. 547 So. 2d 1087, 1089 (La. App. 1 Cir. 1989). The court found that all the elements of the unjust

enrichment cause of action were met only because the contract at issue was entirely void as a result of the parties' lack of consent to the same agreement, and thus "no contract [had] existed . . . at all."  *Id.*  In a similar vein, the court in *Marceaux v. Lake Arthur* found that the plaintiff sufficiently alleged a cause of action for unjust enrichment only because the parties failed to comply with a condition precedent set by Louisiana statute for creating certain expenditure contracts, and this failure prohibited the court's recognition of the contract and any remedies at law derived from it.  392 So. 2d 783, 785 (La. App. 3 Cir. 1980).

The cases cited by General Accident that involve the nullification of contracts of sale are clearly distinguishable from the undisputed facts of this case, as the failure of the suspensive conditions in the cited cases was essential to the central object of the contracts at issue—the sale from one party to another.  *See Jarrell v. Carter*, 632 So. 2d 321, 325 (La. App. 1 Cir. 1993), *writ denied*, 94-0700 (La. 4/29/94); 637 So. 2d 467 (holding that the failure of two conditions that needed to occur before one party would consent to the contract to sell a beer distributorship rendered the sales contract invalid); *Evans v. Graves Pontiac-Buick-GMC Truck, Inc.*, 576 So. 2d 1025, 1028-29 (La. App. 1 Cir. 1991), *writ denied*, 581 So. 2d 687 (La. 1991) (finding that the contract of sale for a truck was null and unenforceable following the failure of a condition allowing the sale of the item itself to occur).  The other cases cited by General Accident do not apply Louisiana law and are not instructive or relevant.[8]

For the foregoing reasons, the Court will deny General Accident's Motion for Summary

---

[8] The New York and California cases cited by General Accident, *see R. 47, p. 2,* are decisions rendered on each state's respective state law on unjust enrichment, and are not rulings on unjust enrichment claims under Louisiana state law.  Similarly, the United States Fifth Circuit Court of Appeals case cited by General Accident, *see R. 47, p. 2-3*, is an interpretation of Texas, not Louisiana, state law.

Judgment, *R. 20*, and will grant Aggreko's Motion for Partial Summary Judgment, *R. 21*, on General Accident's unjust enrichment claims.

Aggreko's Motion for Leave to File Supplemental Memorandum on Aggreko's Motion for Summary Judgment is denied as moot, as the supplemental memorandum was filed based on the instructions of the Court. *R. 43, p. 21-22; R. 44*.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 28th day of December, 2012.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE